UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Juste, #078-361-619, | ) | C/A No. 4:16-2974-MGL-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Columbia Regional Care Center, | ) | |
| Correct Care Solutions, | ) | |
| Dr. Vernelle Fogle, | ) | |
| Dr. Cynthia McFadden, | ) | |
| Brice McClease, | ) | |
| Ronald Lawrence, | ) | |
| Rose, | ) | |
| Nancy Crawford, | ) | |
| Individuals, Medical Staff, Nurses, Volunteers, | ) | |
| | ) | |
| Individuals, Medical Staff, Security Custody Officers Staff, | ) | |
| | ) | |
| Patients, Individual Patients, | ) | |
| South Carolina Law Enforcement Division, | ) | |
| U.S. Department of Justice, | ) | |
| Federal Bureau of Prisons, | ) | |
| Director of Accreditation on National Commission on Correctional Health, | ) | |
| Secretary of Health and Human Services, | ) | |
| Food and Drug Administration, | ) | |
| U.S. Department of Health and Human Services, | ) | |
| Georgia Department of Corrections, | ) | |
| Individual Patients, | ) | |
| C.D.C., | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee. Because Petitioner cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487

U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. An immigration detainee may be considered a prisoner or a nonprisoner depending if the detainment is due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court is without information to determine whether Plaintiff is detained under criminal charges or civil penalties, and thus, treats Plaintiff as having the status of a nonprisoner and follows the procedure outline in General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), as to the issuance of this recommendation to the district judge.

## BACKGROUND

Plaintiff filed his Complaint on August 26, 2016, listing several defendants, alleging food tampering with no specific factual allegations against any particular defendant. No service documents were submitted. No filing fee was submitted. On September 7, 2016, the court issued an order directing Plaintiff to fully complete a Complaint form, pay the filing fee or apply for *in forma pauperis*, complete a summons form, complete Forms USM-285, and submit Local Rule 26.01 interrogatories. The Clerk of Court attached to the order all the blank forms for Plaintiff's use.

On September 23, 2016, Plaintiff submitted his answers to the Local Rule 26.01 Interrogatories, a Motion for Leave to Proceed *in forma pauperis*, several summons forms, and several Forms USM-285. Plaintiff's documents were still insufficient and the court issued a second order on September 29, 2016: Plaintiff's Complaint did not list all the defendants previously listed and did not indicate in which capacity Plaintiff was suing defendants. The court requested an

additional page to the Complaint form. Plaintiff listed multiple addresses for himself on the summonses and the court instructed Plaintiff to list only one address and the address should be where he is currently located. The Clerk of Court provided Plaintiff with a blank summons form. Plaintiff's Forms USM-285 contained several different addresses for Plaintiff or were blank for that entry; Plaintiff also did not include Forms USM-285 for every defendant. The court returned Plaintiff's Forms USM-285 for Plaintiff to correct and provided three additional blank forms.

On October 14, 2016, Plaintiff submitted another Complaint form entirely and Forms USM-285. Plaintiff did not submit a summons form as previously ordered. Plaintiff did not follow the prior court orders and the Forms USM-285 were still deficient as providing numerous Plaintiff's addresses or no address at all: Winchester, Virginia; Fort Pierce, Florida; Miami, Florida; Martinsburg, West Virginia.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;
(2) the amount of prejudice to the defendant;
(3) the history of the plaintiff in proceeding in a dilatory manner; and,
(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978).

In the present case, Plaintiff is proceeding *pro se* so he is entirely responsible for his actions.

3

It is solely through plaintiff's own neglect, and not that of an attorney, that inadequate responses to the court's orders have been filed. Plaintiff has not properly completed documents, despite two orders directing him in regard to the specific inadequacies of service documents and notifying him of the consequences for failure to comply. Plaintiff's history in this court as a factor weighs against him. *See* 4:16-cv-02366(Plaintiff's case involving food allegations dismissed without prejudice against similar defendants for failure to comply with court's orders); *see also Juste v. U.S. Atty. Gen. Office*, 2015 WL 2455446, n.1 (W.D. Penn. May 22, 2015) (noting the number of actions filed by Plaintiff that have never passed the IFP screening process). Thus, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **RECOMMENDATION**

It is, therefore, RECOMMENDED that Plaintiff's claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

October 25, 2016
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).