UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Juste, #078-361-619, | ) | C/A No. 4:16-2974-MGL-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Columbia Regional Care Center, | ) | |
| Correct Care Solutions, | ) | |
| Dr. Vernelle Fogle, | ) | |
| Dr. Cynthia McFadden, | ) | |
| Brice McClease, | ) | |
| Ronald Lawrence, | ) | |
| Rose, | ) | |
| Nancy Crawford, | ) | |
| Individuals, Medical Staff, Nurses, Volunteers, | ) | |
| | ) | |
| Individuals, Medical Staff, Security Custody Officers Staff, | ) | |
| | ) | |
| Patients, Individual Patients, | ) | |
| South Carolina Law Enforcement Division, | ) | |
| U.S. Department of Justice, | ) | |
| Federal Bureau of Prisons, | ) | |
| Director of Accreditation on National Commission on Correctional Health, | ) | |
| Secretary of Health and Human Services, | ) | |
| Food and Drug Administration, | ) | |
| U.S. Department of Health and Human Services, | ) | |
| Georgia Department of Corrections, | ) | |
| Individual Patients, | ) | |
| C.D.C., | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee. Because Petitioner cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487

U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.  An immigration detainee may be considered a prisoner or a nonprisoner depending if the detainment is due to improper entry(criminal) or unlawful presence(civil).  *See* 8 U.S.C. §§ 1324d, 1325.  The court is without information to determine whether Plaintiff is detained under criminal charges or civil penalties, and thus, treats Plaintiff as having the status of a nonprisoner.

This case is not in proper form and the undersigned has issued separately a third proper form order directing Plaintiff to bring this case into proper form.

On November 16, 2016, Plaintiff filed a Petition[1] for Permanent Injunction.  Plaintiff's Motion is unclear as to what specific relief he is seeking.  He states that his request is for an injunction against all Defendants to secure his constitutional rights from being violated.

A preliminary injunction is "an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008).  To obtain a preliminary injunction, a movant must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest" *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff has failed to allege that he meets all four elements under the *Winter* standard.  Therefore, it is recommended that his Motion be denied. (ECF No. 27).

---

[1] Within the Petition for Injunction, Plaintiff refers to both habeas statutes and to § 1983 claims. Plaintiff has filed four complaints in the current action. Plaintiff also has a pending habeas action in separate cause number 4:16-3575-MGL-TER awaiting proper form documents.

**RECOMMENDATION**

It is, therefore, RECOMMENDED that Plaintiff's Motion be denied. (ECF No. 27).

|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
| December 7, 2016 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).