UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Juste, #078-361-619, ) | C/A No. 4:16-2974-MGL-TER |
|                  Plaintiff, ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Columbia Regional Care Center, ) | |
| Correct Care Solutions, ) | |
| Dr. Vernelle Fogle, ) | |
| Dr. Cynthia McFadden, ) | |
| Brice McClease, ) | |
| Ronald Lawrence, ) | |
| Rose, ) | |
| Nancy Crawford, ) | |
| Individuals, Medical Staff, Nurses, Volunteers, ) | |
| ) | |
| Individuals, Medical Staff, Security Custody Officers ) | |
| Staff, ) | |
| ) | |
| Patients, Individual Patients, ) | |
| South Carolina Law Enforcement Division, ) | |
| U.S. Department of Justice, ) | |
| Federal Bureau of Prisons, ) | |
| Director of Accreditation on National Commission on ) | |
| Correctional Health, ) | |
| Secretary of Health and Human Services, ) | |
| Food and Drug Administration, ) | |
| U.S. Department of Health and Human Services, ) | |
| Georgia Department of Corrections, ) | |
| Individual Patients, ) | |
| C.D.C., ) | |
| U.S. Immigration and Customs Enforcement, ) | |
| Department of Homeland Security, ) | |
| ) | |
|                  Defendants. ) | |
| _____ ) | |

       This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee.[1] Because Plaintiff cannot leave the facility where he is detained on his own, in the event

---

    [1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper

that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.

---

entry(criminal) or unlawful presence(civil).  *See* 8 U.S.C. §§ 1324d, 1325.  The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery.  *See* 4:16-cv-03832-MGL-TER, ECF No. 1. Thus, the court now treats Plaintiff as a prisoner for the purposes of this district's General Order.

Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff has filed several documents that are construed as his Complaint in this action. (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4). The court has issued three proper form orders and Plaintiff has made multiple attempts to bring his service documents into proper form. Plaintiff's service documents are

still insufficient; however, the court finds Plaintiff in substantial compliance[2] and addresses his pleadings.

Plaintiff alleges that Defendants tampered with his food. (ECF No. 1-4, 1-3). There are no allegations as to particular Defendants in ECF Nos. 1-4 and 1-3. Plaintiff states that he never consented to health care treatment. (ECF No. 1). Plaintiff alleges he was forcibly medicated. (ECF No. 1 at 11). Plaintiff alleges Defendants used poison to slow his heart down. (ECF No. 1 at 12). Plaintiff states Defendants blackmailed and threatened him. (ECF No. 1 at 12). Plaintiff alleges that Defendants neglected his care. (ECF No. 1 at 15). Plaintiff alleges Defendants confiscated his mail and had a conspiracy to murder Plaintiff. (ECF No. 1-1).

There are twenty-two named Defendants here. There are "specific" allegations against only seven: 1) Dr. Vernell Fogle was the "doctor in charge;" 2) Dr. Cynthia McFadden was the "head doctor in charge"; 3) Brice McClease was the "chief of all individual custody officers"; 4) Ronald Lawrence "maintains] the facility hospital"; 5) Rose performed "facility maintenance"; 6) Nancy Crawford prescribed Plaintiff medicine; and 7) Individual Patients were "inciting wars". (ECF No. 1 at 8-9). This is the extent of any details as to each Defendant regarding any actions taken by individuals against Plaintiff.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted).

---

[2] Some of Plaintiff's errors arise from his multiple and repeated transfers by I.C.E. between South Carolina, Florida, and New York.

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

The Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

**Group Defendants**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a

5

"person" acting under color of state law.  42 U.S.C. § 1983.  A defendant in a § 1983 action must qualify as a "person."  *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001).  The Defendants "medical staff nurses volunteers," "medical staff security custody officers," "patients individual patients," and "individual patients" here are alleged groups of people, but groups of people are not amenable to suit under § 1983.  *See Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir.2001) (finding that a medical department is not a person amenable to suit under § 1983).  Using a collective term such as "staff" in making allegations against defendants fails to state a plausible § 1983 claim against specific defendants because a collective term does not name a "person" subject to liability under § 1983.  *Brooks v. City of Columbia, S.C.*, 2012 WL 5879434 (D.S.C. Oct. 30, 2012) (internal citation omitted). Thus, dismissal is appropriate and recommended for Plaintiff's claims against these Defendants.

**Federal Agency Defendants**

Plaintiff brings suit against multiple federal agencies and as such his constitutional claims are analyzed under *Bivens*, which "established that victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  *Carlson v. Green*, 446 U.S. 14, 18 (1980).  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983.  However,  federal officials cannot be sued under § 1983, because they do not act under color of state law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982).  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir.1988) (abrogated on other grounds in *Johnson v. Jones*, 515 U.S. 304 (1995)).

Plaintiff names multiple federal agencies as Defendants here, including the U.S. Department of Justice, the Food and Drug Administration, and the Federal Bureau of Prisons. Sovereign immunity deprives this court of subject matter jurisdiction over federal agencies. *Corr. Servs. Corp v. Malesko*, 534 U.S. 61, 69-70, 72 (2001)("prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual."); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Welch v. U.S.*, 409 F.3d 646, 650 (4th Cir. 2005). Furthermore, even if this case is treated as brought under the Federal Tort Claims Act, the federal agency Defendants here are still entitled to summary dismissal on the basis of sovereign immunity. A federal district court lacks subject matter jurisdiction over claims asserted against federal agencies. *See Sheridan v. Rendell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).

Here, because *Bivens* and the FTCA does not extend to causes of action against federal agencies and such agencies are protected by sovereign immunity, Plaintiff's claims against such defendants should be summarily dismissed.

**State Agency Defendants**

As a state agency, the South Carolina Law Enforcement Division (SLED) is also entitled to summary dismissal. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). Plaintiff has not made any allegations regarding the Defendant Georgia Department of Corrections, and as such any claims against it are subject to summary dismissal.

**Defendants Columbia Regional Care Center and Correct Care Solutions**

Columbia Regional Care Center does not exist as a legal entity capable of suing or being sued

as it is a building, not a person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore Columbia Regional Care Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). Correct Care Recovery Solutions is a private entity that owns Columbia Regional Care Center. *See* http://www.correctcarers.com/crcc/ (last visited Dec. 12, 2016). Plaintiff has not alleged how Correct Care Recovery Solutions is a person acting under color of state law such that it would be amenable to suit under § 1983. Thus, dismissal is appropriate and recommended for Plaintiff's claims against these two Defendants.

**Named Person Defendants**

The following are the "specific" allegations regarding individually named persons: 1) Dr. Vernell Fogle was the "doctor in charge;" 2) Dr. Cynthia McFadden was the "head doctor in charge"; 3) Brice McClease was the "chief of all individual custody officers"; 4) Ronald Lawrence "maintain[s] the facility hospital"; 5) Rose performed "facility maintenance"; and 6) Nancy Crawford prescribed Plaintiff medicine. (ECF No. 1 at 8-9). This is the extent of allegations towards Defendants who are specifically named persons.

The Complaint in this case fails to state a plausible claim against these Defendants because it is conclusory and lacks necessary factual details. Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..."

*Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

Plaintiff here fails to plead specific facts as to the role played by and actions committed by the individuals named to violate his constitutional rights. As such, his claims are subject to summary dismissal.

Additionally, to the extent Plaintiff names persons who are "in charge" of various departments, claims of supervisory liability are discussed below. Plaintiff's Complaint fails to state a § 1983 or *Bivens* claim because Plaintiff did not allege that the Defendants listed had a role in any alleged harms. No facts are alleged in regard to these specifically named defendants. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

9

    (1)    that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

    (2)    that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

    (3)    that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff has not adequately pleaded the supervisory liability exception. Plaintiff has made no particular allegations of any knowledge, personal or subjective, on any supervisor's part of the bare facts in his complaint. None of the supervisory officials named as Defendants can be held liable simply based on their oversight of subordinates here.

Plaintiff fails to state a claim for which relief can be granted. The Complaint does not indicate any personal involvement by any specifically named Defendant and does not allege facts to meet the supervisory liability exception. Thus, summary dismissal of Defendants Fogle, McFadden, McClease, Lawrence, Rose, and Crawford is recommended.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed without prejudice, and without issuance and service of process as to all Defendants.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 3, 2017
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).